## DUNBAR VS. HARNESBERGER.

The assignee of a note which was over-due and had been paid, cannot maintain an action upon it against the maker, although he took the assignment without notice of such payment.

Where a sheriff has an execution in his hands against the owner and holder of a note, the maker may pay to such sheriff the amount of the note, or so much thereof as may be necessary to satisfy the execution, and such payment is as valid, under Sec. 90, Chap. 134 of R. S. 1858, as if made directly to the holder of the note.

APPEAL from the Circuit Court for *Pierce* County. .

Action by *Dunbar* against *Harnesberger*, before a police justice of the city of Prescott, on a promissory note, dated June 12th, 1858, due the last day of January, 1859, for fifty-five dollars, with twelve per cent. interest from date, executed by the defendant to Henry Sorns, and alleged to have been endorsed by said Sorns, and delivered to the plaintiff.

Answer, 1. A general denial. 2. Payment of the note after due, to L. H. Merrick, who was at that time the holder thereof. 3. Payment of the note to the sheriff of Pierce county, upon an execution in his hands issued out of the

circuit court of that county, in favor of one L. D. Newell, and against said L. H. Merrick. The justice gave judgment against the defendant for $31 40, with costs, from which he appealed to the circuit court.

On the trial in the circuit court, the plaintiff gave in evidence the note sued upon, which was as follows : " June the 12th, 1858, $55 00. On or before the last day of January, 1859, for value received, I promise to pay Henry Sorns, or order, the sum of fifty-five dollars, with 12 per cent. interest from date until paid.—EPHRAIM HARNESBERGER." On the back were the following endorsements : " C. A. TABOR"— " Pay N. S. Dunbar, or order.—HENRY SORNS."

The defendant gave in evidence the judgment docket of the circuit court for Pierce county, containing the following entry : " Plaintiff, L. D. Newell, defendant, L. H. Merrick. Amount $86 83. Transcript of justice's judgment. Docketed March 4th, 1858. Execution issued, May 3d, 1859." The execution upon this judgment, dated May 3d, 1859, and directed to the sheriff of said county, was read in evidence, and also the sheriff's receipt, which was as follows : " Circuit Court, Pierce county; L. D. Newell vs. L. H. Merrick : Received of Ephraim Harnesberger, thirty dollars, being balance in full for note made by Ephraim Harnesberger, payable to Henry Sorns, or order, for the sum of fifty-five dollars, dated the 11th day of June, 1858, due the last day of Jan. after date, drawing 12 per cent. interest per annum, now owned and held by L. H. Merrick, of the city of Prescott; said money to be applied on an execution held by me in favor of L. D. Newell, plaintiff, and against L. H. Merrick, the defendant. May 3d, 1859.—H. P. AMES, Sheriff of Pierce County." The defendant introduced evidence tending to show that at the time of said payment to the sheriff, L. H. Merrick was the owner and holder of said note.

The court instructed the jury " that the maker of a promissory note cannot set up the defence of payment to the note after maturity thereof, without showing that the subsequent indorsee had notice of such payment;" to which instruction the defendant excepted.

The defendant asked the court to give the jury certain in- June Term, 1860.
structions, the terms of which are stated substantially in the
opinion of this Court, but the circuit judge refused to give DUNBAR
such instructions, the defendant excepting, and directed the v.<br>HARNESBERG-<br>ER.
jury to find a verdict for the plaintiff, which they did, in
the sum of $32,12. A motion for a new trial, on the
ground that the court erred in the instruction so given, and
in refusing the instructions asked by the defendant, was over-
ruled, and judgment entered upon the verdict.

*P. V. Wise*, for appellant.

*J. S. White & Jay*, for respondent.

*By the Court*, COLE, J. The principal question in this case July 30.
is the one which arises upon the refusal of the circuit court
to give the instructions asked for by the appellant. The
court was asked to instruct the jury, that if they should
find from the evidence, that the payment by the appellant to
the sheriff, on the execution of L. D. Newell against L. H.
Merrick, was made while Merrick was the holder and owner
of the note sued upon, and before it came to the possession
of the respondent, then he had a right to set off in the action,
the amount thus paid by him to the sheriff. And further,
if the jury should find from the evidence, that L. D. Newell,
the plaintiff in the execution, had a subsisting judgment
against L. H. Merrick, and that execution was issued on such
judgment, and delivered to the sheriff, and that the defend-
ant in the execution, Merrick, was the owner and holder of
the note at the time the appellant paid the sheriff the amount
which he owed on the note (the note being past due), that
then they must find for the appellant."

We can perceive no objection to these instructions, and
think they were pertinent and proper to be given to the
jury, under the facts of the case. It is obvious that the de-
fense to the action was, that the note was paid while Merrick
was the holder and owner thereof, and that it was transfer-
red to the respondent after it was due, and subject to all
equities. If, indeed, the respondent received the note when
over due, and after it had been paid, it is clear he could not
maintain the suit. It is true the instructions do not assume

that Merrick himself, the then holder and owner of the note, received the money due upon it, but that the appellant discharged the note by paying the amount due upon it, to the sheriff, who had a valid execution against Merrick. And, we suppose, a · payment to the sheriff under such circumstances, would be as complete and effectual a discharge of the note, under sec. 90, chap. 134, R. S., as though the money was actually paid to Merrick himself. For that section declares that "after the issuing of execution against property, any person indebted to the judgment debtor, may pay to the sheriff the amount of his debt, or so much thereof as shall be necessary to satisfy the execution, and the sheriff's receipt shall be a sufficient discharge for the amount so paid." The appellant claims to have paid the note under and by virtue of this provision of law, and the result must be the same as though the money was handed directly to Merrick, it being assumed that the note was past due, and belonged to Merrick at the time. Whether the note did in fact belong to Merrick at the time the money was paid to the sheriff, upon the execution against Merrick, was, of course, a proper subject to be determined by the jury upon the evidence. There was testimony tending to establish that fact, and hence the pertinency of the instructions asked for by the appellant, and refused by the circuit court.

The judgment of the circuit court is reversed, and a new trial ordered.